IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**CHARLES MARTIN**<br><br>Debtor. | Case No.: 20-18680-MCR<br>Chapter 7 |
| **GERARD R. VETTER**<br>**ACTING UNITED STATES TRUSTEE**<br>**for REGION 4,**<br>6305 Ivy Lane, Suite 600<br>Greenbelt, Maryland 20770<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES MARTIN**<br>5803 Lowery Lane<br>Upper Marlboro, Maryland 20772<br><br>Defendant. | Adversary No.: |

**COMPLAINT TO DENY DISCHARGE OF DEBTOR**

Gerard R. Vetter, Acting United States Trustee for Region Four ("United States Trustee"), by counsel, pursuant to Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 727 (the "Bankruptcy Code"), files this Complaint to Deny Discharge of Debtor, Charles Martin. In support of this Complaint, the United States Trustee states as follows:

**Jurisdiction, Venue, and Standing**

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. The United States Trustee has standing to bring this action pursuant to sections 307 and 727 of the Bankruptcy Code and Bankruptcy Rule 4004.

4. Pursuant to Local Bankr. Rule 7012-1, the United States Trustee consents to entry of a final order or judgment by this Court.

## Parties

5. The Plaintiff is the Acting United States Trustee for Region Four.

6. Charles Martin (the "Debtor") is the debtor in the above-captioned chapter 7 bankruptcy proceeding and is the Defendant in this adversary proceeding.

## Facts

7. On September 24, 2020, the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V.

8. On March 4, 2021, the Court entered an Order Approving Appointment of Chapter 11 Trustee and thereafter, Cheryl E. Rose was appointed to serve as the Chapter 11 Trustee.

9. On December 16, 2022, the case was converted from chapter 11 to chapter 7 and Ms. Rose was appointed as the Chapter 7 Trustee.

### I. Turn Over Orders

10. On May 20, 2021, this Court entered an Order Granting Motion to Compel Debtor to Turn Over All Documents Requested by Chapter 11 Trustee [Dkt. No. 311] (the "First Turnover Order"). The First Turnover Order directed the Debtor to provide copies of certain bank statements and certificates of insurance and "to cooperate with the Trustee and [to] forward any other or [sic] documents or information requested by the Trustee." First Turnover Order at pp. 1-2.

11. On October 29, 2021, this Court entered an Order Granting Motion to Authorize Chapter 11 Trustee to Operate Debtor's Limited Liability Companies [Dkt. No. 361] (the "Second Turnover Order"). The Second Turnover Order directed the Debtor to "turn over all books and records in the Debtor's possession, custody, or control relating to the assets, liabilities, income, expenses, and/or financial condition of the Debtor and/or the Debtor's LLC [as defined therein], including but not limited to information maintained electronically, in either physical form or electronic form" as set forth in the Second Turnover Order. Second Turnover Order at p. 3. The Second Turnover Order also required the Debtor to "cooperate with the Trustee by producing any other documentation or information requested by the Trustee within ten (10) days of receiving the Trustee's request." Second Turnover Order at p. 4.

12. The Second Turnover Order further provides that, "if the Trustee believes the Debtor has failed to comply with this Order, the Trustee may file a request for a hearing at which the Court will consider whether sanctions (such as detention of the Debtor and/or monetary sanctions) are appropriate to ensure compliance with this Order." Second Turnover Order at p. 4.

13. On December 1, 2021 and December 30, 2021, the Chapter 11 Trustee filed status reports [Dkt. Nos. 379 and 385] stating that "no documents/information have been received from the Debtor" as required by the Second Turnover Order.

14. On December 21, 2021, the Chapter 11 Trustee filed a Motion to Renew Motion for Show Cause Order Why the Debtor Should Not be Held in Contempt and Detained for Violation of Turn Over Order [Dkt. No. 384] (the "Motion for Show Cause Order"), which confirmed that, as of December 17, 2021, the Debtor had not provided the documents and information described in the Second Turnover Order to the Chapter 11 Trustee and the Debtor failed and/or refused to comply with the First Turnover Order or the Second Turnover Order.

15. On January 21, 2022, the Court entered an Order Granting the Motion to Show Cause [Dkt. No. 387] ("Show Cause Order"). The Show Cause Order granted the Motion for Show Cause Order and directed the Debtor to appear at a hearing on February 7, 2022, to show cause why he should not be held in contempt for failing to comply with the First Turnover Order and the Second Turnover Order.

## II. First Contempt Order

16. On February 7, 2022, the Court held a hearing to allow the Debtor to show cause why he should not be held in contempt for failing to comply with the First Turnover Order and the Second Turnover Order as set forth in the Show Cause Order. During the hearing, the Debtor testified that all of the requested documents and information were readily available and could be easily produced.

17. Due to the Debtor's blatant disregard for the Court's order and his failure and refusal to cooperate with the Chapter 11 Trustee up until that time, the Court held the Debtor in contempt and gave the Debtor the opportunity to purge his contempt [Dkt. No. 393] ("First Contempt Order"). The First Contempt Order required, among other things, the Debtor to deliver to the Chapter 11 Trustee a bank check in the amount of $15,000 no later than March 21, 2022 at 4 p.m.

18. On February 18, 2022, the Court held a hearing on the status of the Debtor's contempt and concluded that the Debtor failed to purge his contempt as set forth in the First Contempt Order. The Court then entered an Order Regarding Charles Martin's Failure to Purge His Contempt of This Court's Orders [Dkt. No. 397] ("February 18 Order"), which ordered that the U.S. Marshals Service take the Debtor into custody and detain him for five (5) days. The February 18 Order further required that in addition to the $15,000 sanction provided in the First

4

Contempt Order, the Debtor was required to pay to the Chapter 11 Trustee $20,000 by April 21, 2022.

19. On February 22, 2022, the Chapter 11 Trustee filed a Status Report Prior to Debtor's Detention [Dkt. No. 399], that identified documents produced by the Debtor, identified documents requested but not yet produced by the Debtor, and confirmed that the Debtor had made a significant attempt to comply with the Chapter 11 Trustee's requests and the Court's orders.

20. On February 22, 2022, the Court entered the Order Modifying February 18, 2022 Order [Dkt. No. 400] that rescinded the requirement that the Debtor be taken into custody by the U.S. Marshal's Service, but confirmed all other aspects of the First Contempt Order.

**III. Second Contempt Order**

21. On March 29, 2022, the Chapter 11 Trustee filed a Line [Dkt. No. 405] stating that the Debtor had not paid the required $15,000 monetary sanctions.

22. On April 1, 2022, the Court entered an Order Holding Charles Martin in Contempt for Failure to Pay Monetary Sanctions [Dkt. No. 406] ("Second Contempt Order"). The Second Contempt Order allowed the Debtor to purge his contempt by paying the Chapter 11 Trustee $15,000 in immediately available funds before April 8, 2022 at 12:00 p.m.

23. On April 11, 2022, the Trustee filed a Line [Dkt. No. 413], which states that the Debtor had not purged his contempt by the April 8, 2022 deadline as described in the April 1 Order. As a result, the United States Marshals Service detained the Debtor for two days.

24. On April 25, 2022, the Trustee filed a Line [Dkt. No. 414], which states that the Debtor failed to pay the Twenty Thousand Dollar ($20,000) monetary sanction by the April 21, 2022 deadline as required by the February 18 Order.

25. On April 27, 2022, the Court entered an Order Setting Status Conference, Requiring Debtor to Update Schedules, and Requiring a Statement From the Trustee [Dkt. No. 415] ("April 27 Order"). Among other things, the April 27 Order set a status conference for the Court to consider whether the monetary sanctions against the Debtor should be increased or decreased and directed the Debtor amend his Schedule I and Schedule J to reflect his current monthly income and expenses. The Court held the status conference on May 19, 2022, at which the Chapter 11 Trustee represented to the Court that the Debtor had not paid any of the Court-ordered monetary sanctions and still failed or refused to provide documentation and other information requested by the Trustee.

26. On May 20, 2022, the Court entered an Order Continuing Status Conference and Requiring Certain Actions by Debtor [Dkt. No. 422] ("May 20 Order"). The May 20 Order directed the Debtor to file Amended Schedules I and J and provide certain other information to the Chapter 11 Trustee by May 24, 2022. The May 20 Order also set another status conference for May 25, 2022. At that status conference, the Trustee represented to the Court that the Debtor had substantially complied with the May 20 Order and the Court set a further status conference for June 22, 2022 for the Court to consider whether the monetary sanctions against the Debtor should be increased or decreased. The Court sua sponte continued the status conference to June 23, 2022.

27. On June 22, 2022, the Chapter 11 Trustee filed a Status Report [Dkt. No. 443], which described in detail the Debtor's continued failure to cooperate with the trustee and requested additional monetary sanctions.

28. On June 23, 2022, the Court held a hearing on whether the monetary sanctions assessed against the Debtor should be increased or decreased. For reasons unknown to the Court, the Debtor did not appear for the hearing or respond to the Chapter 11 Trustee's multiple attempts

to contact him by email over the prior month.  At the hearing, the Chapter 11 Trustee represented that her counsel's fees and expenses had increased to more than $45,000.  The Chapter 11 Trustee also advised the Court that the Debtor did not respond to her multiple attempts to contact the Debtor by email over the prior month, did not provide any additional documentation or information, failed to disclose to the Court and Chapter 11 Trustee the existence of at least one additional limited liability company, and failed to disclose to the Court and Chapter 11 Trustee that he purchased and sold real estate in the year preceding his bankruptcy filing.

29. On June 30, 2022, the Court entered an Order Increasing Monetary Sanctions Against the Debtor Due to His Continued Failure to Cooperate with the Trustee and Fulfill His Fiduciary Duties [Dkt. No. 446] ("June 30 Order").  The June 30 Order increased the monetary sanctions against the Debtor to a total of $45,000 and required the Debtor to pay $2,000 by the fifteenth days of each month beginning July 15, 2022 until paid in full.  The June 30 Order further provided that "enforcement of this Order shall not be impacted or altered by conversion of the case to another Chapter of the Bankruptcy Code."  June 30 Order p. 5.

30. The Debtor has not paid the $45,000 sanction.

**IV. Case is Converted to Chapter 7**

31. On November 18, 2022, the Chapter 11 Trustee filed a motion to convert case to chapter 7 due to the Debtor's lack of cooperation and inability to provide information necessary to reorganize.  Dkt. No. 464.  The Court granted the motion and converted the case to chapter 7 on December 16, 2022.  Dkt. No. 468.

32. The section 341 meeting of creditors in the chapter 7 proceeding was held on January 18, 2023, February 15, 2023, and June 21, 2023.  The Debtor failed to appear at any of the chapter 7 meeting of creditors.

### V. False Oaths and Concealment of Assets

33.     In the June 22, 2022 status report, the Chapter 11 Trustee explained that she recently discovered that the Debtor had an additional business entity known as Martin Family Rentals LLC that owns a parcel of real estate located at 3103 Good Hope Avenue, Condo Unit 609, Temple Hills, Maryland 20748.  Neither the property nor the business entity was disclosed by the Debtor despite numerous requests of the Chapter 11 Trustee to provide all business information.

34.     Further, as explained in the June 22, 2022 status report, the Debtor failed to disclose in his Statement of Financial Affairs the transfer of real estate located at 4520 Chantilly Way, Pensacola, Florida.  In the year preceding the filing, the Debtor purchased this property on April 20, 2020 and then sold the property on April 24, 2020.  These transactions were not disclosed by the Debtor.

### **Denial of Discharge**

35.     Section 727(c)(1) of the Bankruptcy Code states that "the United States Trustee may object to the granting of a discharge under subsection (a) of this section."

36.     The section 341 meeting of creditors in the chapter 7 proceeding was scheduled for January 18, 2023, but was continued to February 15, 2023 and June 21, 2023.

37.     Pursuant to Bankruptcy Rule 4004(a), the time to file a complaint objecting to a debtor's discharge expires sixty days after the first date scheduled for the section 341 meeting of creditors unless extended by order of the Court.

38.     The last day to file an objection to discharge was originally set for March 20, 2023.  Dkt. No. 472.   Thereafter, the deadline was extended to April 30, 2024.   Dkt. No. 513.

39.     This Complaint is timely filed pursuant to section 727 of the Bankruptcy Code.

## COUNT I
### Objection to Discharge 11 U.S.C. § 727(a)(6)(A)
### Refusal to Obey Lawful Orders of the Court

40. The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

41. Section 727(a)(6)(C) of the Bankruptcy Code states that "The court shall grant the debtor a discharge unless—the debtor has refused, in the case—to obey any lawful order of the court, other than an order to respond to a material question or to testify."

42. On May 20, 2021, the Court entered the First Turnover Order.

43. The Debtor failed to obey the First Turnover Order.

44. On October 29, 2021, this Court entered the Second Turnover Order.

45. The Debtor failed to obey the Second Turnover Order.

46. On February 7, 2022, the Court entered the First Contempt Order due to the Debtor's failure to comply with the First Turnover Order.

47. The Debtor failed to obey the First Contempt Order.

48. On February 18, 2022, the Court entered the February 18 Order.

49. The Debtor failed to obey the February 18 Order.

50. On April 1, 2022, the Court entered the Second Contempt Order.

51. The Debtor failed to obey the Second Contempt Order.

52. On June 30, 2022, the Court entered the June 30 Order, increasing the monetary sanctions against the Debtor to a total of $45,000.

53. The June 30 Order further provides that "enforcement of this Order shall not be impacted or altered by conversion of the case to another Chapter of the Bankruptcy Code."

54. The Debtor failed to obey the June 30 Order.

55. The Debtor has not paid the $45,000, has failed to attend the meeting of creditors held in the chapter 7 proceeding, and fails to cooperate with the Chapter 7 Trustee.

56. The Debtor's failure to comply with various orders of this Court constitutes grounds to deny the Debtor's discharge under section 727(a)(6)(A).

## COUNT II
### Objection to Discharge 11 U.S.C. § 727(a)(4)
### False Oath or Account in Connection with the Case

57. The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

58. Section 727(a)(4) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she "knowingly and fraudulently, in connection with the case . . . made a false oath or account."

59. The Debtor knowingly and fraudulently, in connection with the bankruptcy case, made false oaths or accounts.

60. The Debtor asserted under oath and subject to penalties of perjury on Amended Schedule AB filed on November 5, 2020, that he has an ownership interest in three various real properties and a membership interest in 23 different business entities.

61. Nowhere does the Debtor disclose the entity known as Martin Family Rentals LLC that owns a parcel of real estate located at 3103 Good Hope Avenue, Condo Unit 609, Temple Hills, Maryland 20748.

62. On the Debtor's Amended Statement of Financial Affairs filed on November 5, 2020, the Debtor asserted under oath that he did not transfer any property within the 2 years prior to filing for bankruptcy.

63. Yet, the Chapter 7 Trustee discovered that the Debtor transferred real property located at 4520 Chantilly Way, Pensacola, Florida in the year preceding the filing. The Debtor purchased this property on April 20, 2020 and then sold the property on April 24, 2020.

64. The Debtor committed a false oath on his Schedules and SOFA by not disclosing all his business entities or transfers of property within the 2 years prior to filing.

65. The Debtor's false oaths were made willfully with the intent to defraud.

66. The United States Trustee has reason to believe that there may be additional false oaths and other grounds to deny his discharge, and the United States Trustee expressly reserves his right to amend this Complaint should additional information be discovered.

67. Because the Defendant has committed false oaths, he is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

## PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests that the Court enter judgment in his favor and deny the discharge of Debtor, Charles Martin and for such other relief as is just and appropriate.

Date: April 12, 2024

Respectfully submitted,
**GERARD R. VETTER**
Acting United States Trustee for Region 4

By Counsel:

*/s/ Lisa Yonka Stevens*
Lisa Yonka Stevens, Bar No. 27728
Trial Attorney
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: Lisa.Y.Stevens@usdoj.gov