IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re:

Charles Martin

        Debtor.

Case Number: 20-18680-MCR
Chapter 7

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEBTOR'S RESPONSE AND OPPOSITION TO THE TRUSTEE'S MOTION TO SELL REAL PROPERTY LOCATED AT 3910 HAYWARD AVENUE, BALTIMORE, MD 21215 AND NOTICE TO COURT

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMES NOW, Charles Martin, Debtor,** in the above captioned bankruptcy estate (hereinafter the "Estate"), temporarily Pro Se, who files this **Response and Opposition** to the Trustee's Motion to Sell Real Property Located at **3910 Hayward Ave., Baltimore, MD 21215,** and respectfully states to this Court as follows:

### RESPONSE

1. The Debtor acknowledges paragraph 1.

2. The Debtor admits that he has a membership interest in the LLC which owns the subject property. The Debtor also states that the entity has NOT been served with the Trustee's Motion to Sell.

3. The Debtor acknowledges that the entity owns the property in fee simple. The Debtor objects to a sale to One Hand, LLC.

4. The Debtor acknowledges the valuation as of the time of the filing, but states that the same has increased.

5. The Debtor acknowledges the debt to the first trust lender. The objects to any sale and/or interference by any party in his matter or matters concerning any entity that he has an interest in.

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

6. The Debtor states that the Trustee has no right to enter into an agreement to dispose of an asset that is not titled to the Debtor. Just because the Debtor has an interest in an entity it does not give the Trustee the right to sell the entity's assets. If the Debtor were a "shareholder" of Big Corporation, LLC, would the Trustee have the right to sell Big Corporation, LLC's assets? No.

7. The Debtor objects and states that the sales price is insufficient to resolve any of the Debtor's affairs and only weakens the Debtor's case.

8. The Debtor states that the entity was not served with Notice of Sale.

9. The Debtor objects to any transfer.

### NOTICE TO COURT

10. The Debtor incorporates paragraphs 1 - 9 as if fully stated herein.

11. The Debtor notices this Court that contemporaneously with the filing of this Response and Opposition, the Debtor has filed a "Motion to Continue the Hearing Scheduled for May 8, 2024 and Motion for Appropriate Relief".

12. The Debtor prays that this Court will deny the Trustee's Motion and grant the relief prayed by the Debtor.

**PRAYER FOR RELIEF FOLLOWS ON THE NEXT PAGE.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

**WHEREFORE, Charles Martin,** Debtor in the above captioned matter prays the following of this Court:

1. That this Court denies the Trustee's Motion; and,

2. That this Court enters an ORDER which cancels the May 8, 2024 hearing and resets the hearing date for Wednesday, June 5, 2024 at 2:00pm.

3. Grant any other and further relief that this Court deems just, fair, proper, in the interest of justice, and in the interest of the Debtor's reorganization.

**Respectfully Submitted:**

*/s/ Charles Martin*
**Charles Martin**
5803 Lowery Lane
Upper Marlboro, MD 20772

May 2, 2024

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **2nd day of May, 2024,** that the following parties were served via this Court's CM/ECF system electronically on the the following:

1. Glenna E. Barner
2. Leah Christina Freedman
3. Marie Louise Hagen
4. Keith R. Havens
5. James M. Hoffman
6. Nicole C. Kenworthy
7. Lynn A. Kohen
8. Darren Michael Margolis
9. Shannon Jacob Posner
10. L. Jeanette Rice
11. Cheryl E. Rose
12. Roger Charles Simmons
13. William Scott Tinney
14. U. S. Trustee - Greenbelt
15. Maurice Belmont VerStandig
16. Brett Weiss

Respectfully Served:

Charles Martin
5803 Lowery Lane
Upper Marlboro, MD 20772

May 2, 2024