**MARIA ELLENA CHAVEZ-RUARK, U.S. BANKRUPTCY JUDGE**

Evidentiary Hearing:  YES
Exhibits Filed:  NO

PROCEEDING MEMO − CHAPTER 7

**Case: 20-18680-MCR**                                                  Date: 05/15/2024 at 11:00 a.m.
**Charles Martin**

Appearances:  Cheryl E. Rose, Chapter 7 Trustee

[522] Motion to Sell 3910 Hayward Avenue, Baltimore, Maryland 21215. Notice Served on 4/2/2024, Filed by Cheryl E. Rose. Objections due by 04/23/2024. with three additional calendar days allowed if all parties are not served electronically. Hearing scheduled for 05/08/2024 at 02:00 PM - Courtroom 3-C. (Attachments: # 1 Notice of Motion # 2 Amended Proposed Modified Plan Purchase Agreement # 3 Proposed Order # 4 List of All Creditors)

>[525] Response on behalf of Charles Martin Filed by Charles Martin (related document(s)522 Motion to Sell and Notice of Motion filed by Trustee Cheryl E. Rose). Hearing scheduled for 5/8/2024 at 02:00 PM - Courtroom 3-C.
>
>[526] Response on behalf of Cheryl E. Rose Filed by Cheryl E. Rose (related document(s)525 Response filed by Debtor Charles Martin).
>
>[527] Response and Opposition on behalf of Charles Martin Filed by Charles Martin (related document(s)522 Motion to Sell and Notice of Motion filed by Trustee Cheryl E. Rose). Hearing scheduled for 5/8/2024 at 02:00 PM - Courtroom 3-C.
>
>[530] Response on behalf of Cheryl E. Rose Filed by Cheryl E. Rose (related document(s)527 Response filed by Debtor Charles Martin). (Attachments: # 1 Exhibit)

COMMENTS:       The Trustee proffered her testimony that: (i) she consulted with a realtor; (ii) the first lien is at least $47,500; (iii) the City of Baltimore likely has a tax lien too; (iv) the sale is for $8,500 subject to all liens; and (v) the Debtor continues to be uncooperative.  The Trustee also argued that the Debtor does not have standing to object because the estate is insolvent.

The Court found that a sale under Section 363(b) is in the best interest of the estate.  The Court authorized the Trustee to operate the Debtor's LLCs, and that necessarily includes the authority to dispose of assets as the Trustee deems appropriate.  The Debtor scheduled the value at $10,000.  Even with any appreciation in value over the past three years, the property is still under water.  The sale of the property subject to liens is an extraordinary result for the estate.

Although the Debtor does not have standing to object under *Willemain v. Kivitz*, the Court considered the Debtor's written objections.
- ➢ He said he could not attend the original hearing so the Court continued the hearing by one week to give him an opportunity to appear and be heard [Dkt. No. 531].
- ➢ He said "There's a question of the Debtor's personal ownership interests in the entity which owns said property" [Dkt. No. 525 at ¶ 4.a.], but then he "admits that he has a membership interest in the LLC" [Dkt. No. 527 at ¶ 2].
- ➢ He argued that the "proposed consideration is insufficient to resolve the two recorded liens on the subject property … and the underlying debt would remain with the entity which owns the asset" [Dkt. No. 525 at ¶ 4.b. and c.], but the property is being sold subject to the liens.
- ➢ He argued that the value of the property has increased [Dkt. No. 527 at ¶ 4], but he fails to understand the property is being sold subject to liens and the value of the property certainly has not appreciated so much that there is equity in the property.
- ➢ He "objects to any sale and/or interference by any party in his matter or matters concerning any entity that he has an interest in" and said "the Trustee has no right to enter into an agreement to dispose of an asset that is not titled to the Debtor" [Dkt. No. 527 at ¶¶ 5 and 6], but the Court authorized the Trustee to operate the Debtor's LLCs.
- ➢ He "objects and states that the sales price is insufficient to resolve any of the Debtor's affairs and only weakens the Debtor's case" [Dkt. No. 527 at ¶ 7], but the Court found that the sale is in the best interest of the estate and achieves an extraordinary result for the estate.
- ➢ Finally, he argued that "the entity was not served with Notice of Sale" [Dkt. No. 527 at ¶ 8], but the Debtor, who is the sole member of the LLC that owns the property, had actual notice of the proposed sale.

The Court overruled the Debtor's objections.

DISPOSITION:   Hearing held.  Motion granted.  Court will enter Trustee's proposed order.