IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

IN RE:     CHARLES M. MARTIN     *

                                                     *

                                                     *      CASE NUMBER 20-18680

                        Debtor.                 *      CHAPTER 7

                                                     *

## DEBTOR'S MOTION FOR APPROPRIATE RELIEF

**TO THE HONORABLE, THE JUDGES OF THIS SAID COURT:**

     **NOW COMES,** Charles M. Martin (the "Debtor"), who moves this Honorable Court for Appropriate Relief pursuant to the provisions of 11 U.S.C. 706(a). In support of this Motion, Charles M. Martin states as follows:

### JURISDICTION:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(b) and 157(b). This matter is a core proceeding pursuant to 28 U.S.C. 157(b). Venue is proper pursuant to 28 U.S.C. 1408 and 1409. This request is made pursuant to 11 U.S.C. 363 (f) and (m). The Debtor consents to jurisdiction of the Bankruptcy Court to enter final Orders in this matter.

### BACKGROUND:

2. On September 24, 2020, the Debtor initially filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Case No. 20-18680).

3. The Debtor filed his Chapter 11 petition pro se, without the benefit of counsel, and as a result, was unaware of certain complexities and nuances related to the Chapter 11 process, which contributed to a misunderstanding of his responsibilities and strategy moving forward.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

4. On December 16, 2022, this case was converted to a Chapter 7. *See docket entry 468.*

5. Since the conversion to Chapter 7, the Debtor has come to understand more fully the value of maintaining control over his entities and real properties, which are critical to the success of his financial reorganization and the eventual repayment of creditors.

6. Also since the conversion to Chapter 7 and with the Debtor's assets being out of control of the Debtor and in the control of "other parties" a few of the Debtor's properties have been sold off at prices that are unfavorable to the Debtor, the Estate, the creditors, and this case.

7. Neither the Debtor nor his Estate have benefitted in any capacity from the conversion to Chapter 7.

8. The Debtor very firmly believes that reconversion to Chapter 11 is in the best interests of the Debtor, his creditors, and the bankruptcy estate, as it would allow the Debtor to reorganize, retain control over his real properties and entities, and maximize the potential for repayment to creditors.

9. If there is any chance for the Debtor to arise from this bankruptcy in a decent and honorable manner, it is via Chapter 11.

10. If there is any chance for the Debtor's creditors to get paid in a manner to be directed by this Honorable Court, it will be via a Chapter 11 as well.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

### LEGAL STANDARD:

11. Section 706(a) of the Bankruptcy Code provides that a debtor may, as a matter of right, convert a Chapter 7 case to a Chapter 11 case at any time before the case is closed.

12. The Debtor's circumstances have changed since the conversion to Chapter 7, and the Debtor now seeks to reconvert the case to Chapter 11 to preserve and protect the value of his assets, acquire, develop, and grow new assets, and reorganize for the benefit of his creditors, the Estate, and by default, the Debtor himself.

### ARGUMENT:

13. **The Debtor's Desire to Retain Control and Reorganize:** The Debtor has a strong desire to regain and retain control over his real properties and entities, which are currently under the control of the Chapter 7 Trustee. The Debtor's entities hold significant existing and potential value. The real properties are essential for any potential reorganization. In Chapter 11, the Debtor would be able to maintain control over his properties and manage them in a way that will maximize the value of the estate and provide a reasonable return to creditors.

14. **The Debtor's Ability to Reorganize:** The Debtor is confident that he can successfully reorganize under Chapter 11. The properties in question were acquired at investment grade prices and offer tremendous upside, productivity, and profit with proper management. The Debtor believes they will provide sufficient revenue to fund a Chapter 11 plan. Additionally, the Debtor intends to work with professionals in the

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

real estate and restructuring fields to develop and execute a viable plan of reorganization that will allow him to repay creditors and emerge from bankruptcy.

15. **Best Interests of Creditors:** Reverting to Chapter 11 will benefit creditors by maximizing the value of the estate and providing a framework for the Debtor to reorganize his financial affairs. In Chapter 7, the properties may be liquidated under the Trustee's supervision, but reconversion to Chapter 11 will provide an opportunity for the Debtor to continue operating his entities and preserve the value of his assets, grow the value of his assets, and expand the Debtor's portfolio for the benefit of the Debtor and his creditors.

16. **No Evidence of Bad Faith:** There is no evidence of bad faith or abuse in the Debtor's request to reconvert the case. The Debtor acted in good faith in filing his original Chapter 11 petition pro se, and the conversion to Chapter 7 was largely due to his lack of understanding of the Chapter 11 process and other matters that are beyond the control of the Debtor. The Debtor now seeks to correct earlier missteps and reorganize in a manner that will benefit all stakeholders involved.

## THERE IS A LEGAL BASIS AND PRECEDENT WHICH SUPPORTS CONVERSION FROM CHAPTER 7 TO CHAPTER 11:

17. **A conversion is lawful as shown in 11 U.S.C. § 706(a) – Voluntary Conversion.** Under Section 706(a) of the Bankruptcy Code, a debtor may voluntarily convert a Chapter 7 case to a Chapter 11 case, provided certain requirements are met. This section gives the debtor the right to request a conversion to a different chapter.

```
"The debtor may convert a case under this chapter to
a case under chapter 11 of this title at any time."
```

18. Legal precedent was established in the following case:

**In Re: Emerge Energy Services LP, 532 B.R. 381 (Bankr. D. Del. 2015)**

In this case, the bankruptcy court discussed the conversion of a Chapter 7 case to Chapter 11. The debtor in this case filed a motion to convert a Chapter 7 case to a Chapter 11 after it became clear that liquidation was not in the best interest of creditors. The court allowed the conversion, emphasizing that it was within the court's discretion to approve the change when justified by circumstances.

The Debtor argues that it is not in his best interest, nor is it in the best interest of his creditors for this case to remain converted as a Chapter 7 when the Debtor believes that he can properly dispose of assets to pay his creditors an amount to be determined by this Honorable Court versus dire circumstances and conditions in a Chapter 7. The Debtor acknowledges that Chapter 11 will require strict monitoring by the Court to ensure that all matters are executed properly. The Debtor consents to the same.

19. **In Re: Minoco Group of Companies, Ltd., 799 F.2d 517 (9th Cir. 1986)**

This case addressed the ability of the court to convert a Chapter 7 case to Chapter 11. The Ninth Circuit ruled that the bankruptcy court could convert a case from Chapter 7 to Chapter 11 in certain situations, specifically where there was potential for the debtor to rehabilitate and reorganize its debts rather than liquidate.

20. **In Re: Sterling U-Store-It, Inc., 482 B.R. 45 (Bankr. D. Del. 2012)**

Here, the bankruptcy court evaluated a request to convert a Chapter 7 case to Chapter 11. The court ultimately found that the conversion was warranted based on the

evidence presented, which indicated that the debtor had a viable reorganization plan. The case serves as an example of how bankruptcy courts may allow conversion from Chapter 7 to Chapter 11 when reorganization seems feasible.

21. **In Re: Watson**, 282 B.R. 508 (Bankr. E.D. Ark. 2002)

In this case, the bankruptcy court considered the motion to convert a Chapter 7 case to Chapter 11. The court ruled that the conversion could be granted, and it reiterated the broad discretion courts have in making determinations about case conversions when certain conditions are met.

## IS REORGANIZATION FEASIBLE?

22. The Debtor very clearly believes that reorganization is feasible.

23. The Debtor has 100% confidence in his ability to acquire assets, improve those assets, enjoy forced appreciation, and dispose of those assets which will provide liquidity for payments to creditors, the support of the Debtor and his loved ones, and the resolution of this instant case.

24. In order for the reorganization to succeed, all parties must work together to meet the best interests of this case. The best interest of this case is to correct any prior procedural mistakes or errors, cure the same, and operate in a manner of best practices.

25. Further, the best interest of this case supports this case being converted to Chapter 11 with the Debtor having 100% control over his entities and real properties. The Debtor is MOST familiar with the property assets and has a unique and special vision to exhaust the economic potential of the assets and will ensure the assets aren't wasted.

26. Certainly, the Debtor and the Trustee must work together to ensure that reports, schedules, and inventories are timely and correctly filed.

27. And without question, this Honorable Court must rule to ensure that the case goes forward and that the parties ultimately enjoy a successful reorganization and closure of this instant case.

### FROM HERE TO FREEDOM:

28. The Debtor has determined FOUR KEYS to success:

   a. *ACKNOWLEDGE.* Acknowledge the Debtor's Current Financial Position; and,

   b. *DETERMINE SUCCESS.* Create a plan, secure approval, and determine the amount of net proceeds the Debtor will need to generate to cure his Chapter 11 Plan of Reorganization; and,

   c. *DILIGENTLY EXECUTE.* Without absolute diligence, the Debtor must execute the strategy to acquire and dispose of assets to generate proper capital gains to provide the desired relief; and,

   d. *BE DISCIPLINED.* Be disciplined. Be smart. Create Income. Resolve Debt. Save. Invest. Never Return.

29. It is without question that the Debtor will need to use every available resource to dig himself out of debt, reorganize his assets, improve his assets, acquire new assets, dispose of his assets, create and secure an approval on his plan of reorganization, direct funds into the debt freedom account which shall be maintained by the Trustee, direct funds into the Debtor's savings and investment accounts, and address other important matters that are required to move this case forward.

30. The Debtor realizes and understands that it will require 100% focus for the Debtor to go from where he is today, to where he ultimately wants to be.

31. With the consent and approval of this Honorable Court and by Wednesday, January 8, 2025, the Debtor agrees to and shall provide a detailed **Real Property Under Ownership Report** to this Honorable Court, the Trustee, Creditors, and any other party in which this Court directs. The Real Property Under Ownership Report (hereinafter "property report") shall consist of the following:

   a. A **Cover Sheet** which provides the following details; and,
      i. The name of the entity that owns the property; and,
      ii. The property address; and,
      iii. The Debtor's ownership position in said entity; and,
      iv. The date the property was acquired; and,
      v. The statement of debt as of the date of filing the report.
   b. **Information** about the property which shall include the property address, lot, square, size of lot, size of each building (if applicable); and,
   c. A **statement of ownership** which shall include the name of the entity that owns the real property, the members, and their membership interests; and,
   d. A **good standing statement** as to whether the entity is in good standing or not. If not, a statement as to what it will take to get the entity in good standing; and,
   e. Provide a verified **statement of debt** on each property in the Debtor's portfolio. The statement of debt shall include the date of the loan, original loan amount, outstanding interest due, the name, address, phone number, email address, and cell number for the lender in connection; and,

    f.   Provide an **estimate to develop** each asset in the Debtor's portfolio; and,

    g.   Provide an **opinion of value** post development/renovation; and,

    h.   Provide an "**estimated net sheet**"; and,

    i.   Provide a "**Proposed Distribution of Sales Proceeds**.

32. The purpose of this Property Report is for the Court and other key parties to determine where the Debtor is currently with his financials and to provide some estimate of asset values, development costs, disposition values, and estimated net proceeds which will aid the Debtor in developing a plan to reorganize and emerge from bankruptcy successfully.

33. The Debtor has envisioned assembling $5,000,000.00 of new assets in 2025.

34. The Debtor believes that he will have the ability to force the appreciation of said assets and dispose of a minimum of $8,000,000.00 in assets in 2025.

35. The Debtor believes that the Court's guidance, direction, and cooperation will significantly aid all parties to the Debtor's case.

36. The Debtor has envisioned a very important role for the Trustee to take. Said role does not include, nor does it require the Trustee to have control over the Debtor's current and future assets. The role the Debtor has envisioned is for the Trustee to serve as an intermediary between the Debtor, the Courts, and creditors, collecting and distributing payments, monitoring financial activities, and ensuring compliance with bankruptcy regulations.

37. The Debtor realizes that transparency is an absolute imperative. Therefore, the Debtor voluntarily consents to the Trustee having the following access and insight into the Debtor's plans:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

    a. The Debtor shall provide to the Trustee a Weekly Status Report; and,

    b. Upon the entry of this Court's Order granting the relief prayed herein and on every Monday by 5:00pm EST, commencing Monday, January 6, 2025, the Debtor shall provide a Weekly Status Report to the Court, the Trustee, and all Creditors which details the prior week's operations. The Weekly Status Report will list the following:

        i. New properties under contract; and,

        ii. Status updates of properties under development; and,

        iii. Status updates of properties under disposition agreement; and,

        iv. An inventory of properties under contract, properties under development, and properties under disposition; and,

        v. Properties closed on (Buying or Selling); and,

    c. The Debtor is 100% committed to working with the Court and the Trustee to advance the interests and resolution of this case.

38. Local Rule 9013-2 is hereby invoked.

**OUTSTANDING FEES AND/OR COSTS:**

39. To the extent the Debtor owes any outstanding fees and/or costs, the Debtor prays that this Court will Order that said costs be paid within a defined timeframe.

40. The Debtor hereby requests that this Court determine the amount of outstanding fees and/or costs due by the Debtor and apprise the Debtor of the same within THIRTY (30) days of the date of its Order. The Debtor agrees to and shall provide a written response on the balance due within FOURTEEN (14) days of receipt of the statement of outstanding fees and costs. The Debtor prays that this Honorable Court gives the

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

Debtor until Friday, May 30, 2025 to pay the amount of the "outstanding fees and costs" due.

### **CHAPTER 11 CONVERSION FEE:**

41. To the extent that a conversion fee is required to be paid by the Debtor, the Debtor prays that this Honorable Court will set the amount required to be paid, the party in which the payment is to be made, and set the payment date for Friday, February 28, 2025.

### **RETURN OPERATION OF ENTITIES TO THE DEBTOR**

42. Very importantly, the Debtor has shown that it is imperative that he operate his entities.

43. It has been very well documented that at least five of the Debtor's interested properties were disposed of and the consideration for the same was <u>severely insufficient</u>.

44. The only resolution to the severely discounted disposition of assets is to return the assets into the hands and control of the Debtor.

45. The Debtor is 100% amenable to working with the Trustee, however, the Debtor must control the holding, development, and disposition processes.

46. The Debtor hereby moves this Honorable Court to VACATE its prior Order turning the operation of the Debtor's entities over into the hands of the Trustee or any party other than the Debtor.

47. A successful resolution and reorganization will only occur if the Debtor is the lead party who controls ALL of his entities.

48. The Debtor reserves the right to supplement this filing should the same become necessary.

**LOCAL RULE 9013-2:**

49. The Debtor invokes Local Rule 9013-2 and incorporates the same into this motion.

**PRAYER FOR RELIEF FOLLOWS ON THE NEXT PAGE.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# AT GREENBELT

## PRAYER FOR RELIEF

For the foregoing reasons, the Debtor respectfully prays for the following relief:

1. That this Honorable Court issues an Order which converts the above captioned case from Chapter 7 to Chapter 11; and,

2. That this Court issues an Order which restores to the Debtor 100% control, management, and operation of all of his entities and their respective assets; and,

3. That by 5:00pm on Monday, January 6, 2025, and by 5:00pm on every Monday thereafter, the Debtor shall provide a Weekly Status Report to this Honorable Court, the Trustee, and all creditors and counsel who have requested electronic service by this Honorable Court; and,

4. That by Wednesday, January 8, 2025, the Debtor shall submit and file with this Court his **Real Property Under Ownership Report as of January 8, 2025**; and,

5. That by February 28, 2025, the Debtor shall pay the Chapter 11 conversion fee to convert this instant case from Chapter 7 to Chapter 11; and,

6. The Debtor requests such other and further relief as this Honorable Court deems just, proper, appropriate, and in the interests of justice.

**Respectfully Filed:**

*/s/ Charles Martin*

**Charles Martin**
cmlitigation@gmail.com

December 12, 2024

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# AT GREENBELT

## CERTIFICATE OF SERVICE

I, Charles M. Martin, hereby certify 12th day of December, 2024, that an electronic copy of the foregoing Motion for Appropriate Relief will be served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| Glenna Elizabeth Barner | Glenna.Barner@maryland.gov |
| Leah Christina Freedman | bankruptcy@bww-law.com |
| Marie Louise Hagen | mlh@mlhagenlaw.com |
| Keith R. Havens | Keith.R.Havens@HavensLawFirm.com |
| James M. Hoffman | jhoffman@offitkurman.com |
| Nicole C. Kenworthy | bdept@mrrlaw.net |
| Lynn A. Kohen | lynn.a.kohen@usdoj.gov |
| Darren Michael Margolis | dmargolis@lawdmpa.com |
| Shannon Jacob Posner | sjposner@posner-law.com |
| L. Jeanette Rice | Jeanette.Rice@usdoj.gov |
| Cheryl E. Rose | trusteerose@aol.com and crose@ecf.axosfs.com |
| Roger Charles Simmons | rsimmons@gordonsimmons.com |
| William Scott Tinney | scott@cohenandformanlaw.com |
| US Trustee - Greenbelt | USTPRegion04.GB.ECF@USDOJ.GOV |
| Maurice Belmont VerStandig | mac@mbvesq.com, |
| Brett Weiss | brett@bankruptcylawmaryland.com |

Respectfully Served:

*/s/ Charles Martin*

Charles Martin
cmlitigation@gmail.com